01
02
03
04
05
06
07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

08  WILLIAM R. BURKETT, JR.,                    )
                                                )
09          Plaintiff,                          )    Case No. CV05-1856-RSM
                                                )
10      v.                                      )
                                                )
11  JO ANNE B. BARNHART, Commissioner           )    REPORT AND RECOMMENDATION
    of Social Security Administration,          )
12                                              )
            Defendant.                          )
13  _____ )

14                I.  INTRODUCTION AND SUMMARY CONCLUSION

15          Plaintiff William R. Burkett, Jr. appeals a final decision of the Commissioner of the

16  Social Security Administration ("Commissioner") that denied his application for Disability

17  Insurance Benefits ("DIB") under Title II of the Social Security Act after a hearing before an

18  administrative law judge ("ALJ").  Plaintiff also seeks an award of benefits on a Supplemental

19  Security Income ("SSI") application that has not yet been processed by the Commissioner and

20  was not considered by the ALJ.  For the reasons set forth below, I recommend that plaintiff's

21  SSI claim be dismissed for lack of subject matter jurisdiction.  I further recommend that the

22  decision of the Commissioner regarding plaintiff's DIB application be reversed and that the

23  case be remanded for further administrative proceedings, concurrent with plaintiff's SSI claim.

24                  II.  FACTS AND PROCEDURAL HISTORY

25          Plaintiff is a 62-year-old man with a high school education.  AR 132, 135.  He worked

26
REPORT AND RECOMMENDATION
PAGE -1

01  as an information officer and spokesman for the Washington State Patrol for more than

02  fifteen years.  AR 127, 506.  He has also intermittently performed work as a freelance writer

03  and editor.  AR 143-47.

04       Beginning in the late 1980s plaintiff began to experience difficulty staying awake

05  during the day and his lengthy morning commute became difficult.  AR 126, 505.  In 1992,

06  plaintiff was diagnosed with sleep apnea and was prescribed a continuous positive airway

07  pressure ("CPAP") machine to alleviate the symptoms of his sleep apnea.  AR 126, 505-06.

08  However, the CPAP frequently inflames his nasal allergies, which in turn, renders the device

09  ineffective.  AR 506-08.  Plaintiff's employer arranged for a flexible work schedule and other

10  accommodations for his irregular sleep patterns.  *Id*.  In 1993 however, new management did

11  away with these accommodations and plaintiff was required to be at work on time each

12  morning.  AR 507.  Plaintiff was unable to meet that expectation and he was terminated.  AR

13  126, 507.

14       On May 18, 2000, plaintiff filed an application for DIB.  AR 69-71.  He alleged that he

15  had become disabled by September 30, 1993, due to sleep apnea complicated by an allergic

16  reaction triggered by the CPAP.  AR 69, 126.  He later amended his claimed onset date to

17  December 30, 1998, to account for earnings records that suggested he may have engaged in

18  substantial gainful activity after the 1993 date.  AR 489-96.  Plaintiff's application was denied

19  both initially and upon reconsideration.  AR 41-51.  On August 22, 2002, plaintiff requested an

20  administrative hearing before an ALJ.  AR 52.

21       On October 17, 2000, while his DIB application was pending, plaintiff filed an

22  application for SSI.  AR 152, 499-500.  Although the application was submitted, the Social

23  Security Administration ("SSA") was unable to process it because it was incomplete and

24  unsigned.  AR 483-84, 503.  It is unclear whether the plaintiff corrected the deficiencies and

25  the Commissioner concedes that the application may have been lost.  AR 154-56; Dkt. No. 22

26

REPORT AND RECOMMENDATION
PAGE -2

01  at 4.  In May of 2002, plaintiff contacted the office of U.S. Senator Patty Murray to assist him

02  with following up on his SSI application.  AR 151-53.  On May 30, 2002, plaintiff filed a

03  second application for SSI, but was denied because he did not financially qualify for benefits at

04  that time.  AR 477.  There is no indication that a timely administrative appeal of this decision

05  was ever filed.

06         On March 18, 2004, a hearing was held before an ALJ to review the denial of plaintiff's

07  DIB application.  AR 485-545.  At the time of the hearing, the ALJ had no record of the SSI

08  applications.  AR 499-504.  Plaintiff and his attorney had apparently expected that both the

09  DIB and his SSI applications would be considered by the ALJ.  Dkt. No. 16 at 16, AR 499.

10  The hearing proceeded solely on the issue of determining disability for purposes of the DIB

11  application.  AR 504.

12         On August 21, 2004, the ALJ issued a decision finding that plaintiff was not disabled

13  prior to December 31, 1998, his date last insured ("DLI").  AR 19-36.  Although the ALJ

14  found that plaintiff suffered from severe physical impairments, namely obesity and sleep apnea,

15  she concluded that plaintiff was nonetheless able to perform his past relevant work.  AR 35-36.

16  Proceeding pro se, plaintiff requested administrative review of the decision and submitted

17  additional materials.  AR 8-18, 443-75.  On August 20, 2005, the Appeals Council denied

18  plaintiff's request for review.  AR 5-7.  On November 18, 2005, plaintiff filed the present civil

19  action challenging the ALJ's August 21, 2004, decision.  Dkt. No. 4.

20                                     III.  JURISDICTION

21         The Court has jurisdiction to review a final decision made by the Commissioner.  42

22  U.S.C. § 405(g).  "A final decision has two elements: (1) presentment of the claim to the

23  Commissioner, and (2) complete exhaustion of administrative remedies."  *Kildare v. Saenz*,

24  325 F.3d 1078, 1082 (9th Cir. 2003), *quoting Johnson v. Shalala*, 2 F.3d 918, 921 (9th

25  Cir.1993).  The presentment element is jurisdictional and must be satisfied as a prerequisite to

26

REPORT AND RECOMMENDATION
PAGE -3

01  judicial review, whereas the exhaustion requirement may be waived by either the Court or the

02  Commissioner.[1] *Johnson*, 2 F.3d at 921.  The Court must dismiss for lack of subject matter

03  jurisdiction a case where the Commissioner has not made a final decision.  *See Bass v. Social*

04  *Security Admin.*, 872 F.2d 832, 833 (9th Cir. 1988) (per curiam).

05       Here, the Commissioner asserts that plaintiff's SSI application has not been fully

06  processed or adjudicated by SSA and, therefore, it has not rendered a final decision as to that

07  claim.  Plaintiff agrees that his original SSI application was never fully processed by SSA and

08  that it was not heard by the ALJ.  The Commissioner's memorandum requesting remand

09  indicates "[t]he Commissioner has already taken action to remedy the situation and [p]laintiff's

10  SSI claim is currently being processed in an expedited fashion."  Dkt. No. 22 at 7. The

11  Commissioner has not made a "final decision" on plaintiff's SSI application, as contemplated by

12  42 U.S.C. § 405(g).  As a result, this Court lacks subject matter-jurisdiction over plaintiff's SSI

13  application and therefore, that claim must be dismissed.  *Bass*, 872 F.2d at 833.  However, it is

14  undisputed that the Commissioner did render a final decision regarding plaintiff's application

15  for DIB, and the Court has jurisdiction to review the ALJ's decision to deny plaintiff's

16  application for DIB pursuant to 42 U.S.C. § 405(g)(2005).

17                           IV.  STANDARD OF REVIEW

18       The Court may set aside the Commissioner's denial of social security benefits when the

19  ALJ's findings are based on legal error or not supported by substantial evidence in the record

20  as a whole.  *See* 42 U.S.C. § 405(g); *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993);

21

22       [1] The Ninth Circuit applies a three-part test for determining whether a judicial waiver of
    § 405(g)'s exhaustion requirement is warranted in a particular case. *Johnson*, 2 F.3d at 921.
23  "The claim must be (1) collateral to a substantive claim of entitlement (collaterality), (2)
    colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3)
24  one whose resolution would not serve the purposes of exhaustion (futility)." *Kildare*, 325 F.3d
    at 1082 (internal quotations and citations omitted).  As none of the three elements are present,
25  the Court concludes that a judicial waiver of the exhaustion requirement is not appropriate.

26

REPORT AND RECOMMENDATION
PAGE -4

01  *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).  Substantial evidence is defined as more

02  than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable

03  mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747,

04  750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in

05  medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th

06  Cir. 1995).  Where the evidence is susceptible to more than one rational interpretation, it is the

07  Commissioner's conclusion that must be upheld.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th

08  Cir. 2002) (internal citations omitted).

09  ## V.  EVALUATING DISABILITY

10  As the claimant, Mr. Burkett bears the burden of proving that he is disabled within the

11  meaning of the Social Security Act.  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999)

12  (internal citations omitted).  Disability is defined as the "inability to engage in any substantial

13  gainful activity by reason of any medically determinable physical or mental impairment, which

14  can be expected to result in death, or which has lasted or can be expected to last for a

15  continuous period of not less than twelve months[.]"  42 U.S.C. §§ 423 (d)(1)(A),

16  1382c(a)(3)(A).  A claimant is disabled only if his impairments are of such severity that he is

17  not able to do his previous work, and cannot, considering his age, education, and work

18  experience, engage in any other substantial gainful activity existing in the national economy.

19  *See* 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094,

20  1098-99 (9th Cir. 1999).  In addition, a claimant applying for DIB must show that he was

21  covered by the social security disability insurance program at the time of the injury's onset or

22  occurrence.  *See* 42 U.S.C. §§ 416(i)(3), 423(c)(1); 20 C.F.R. § 404.130(b).

23  The Social Security Regulations set out a five-step sequential evaluation process for

24  determining whether a claimant is disabled within the meaning of the Social Security Act.  *See*

25  20 C.F.R. §§ 404.1520, 416.920.  At step one, the claimant must establish that he is not

26

REPORT AND RECOMMENDATION
PAGE -5

01  engaging in any substantial gainful activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If the

02  claimant establishes that he has not engaged in any substantial gainful activity, the

03  Commissioner proceeds to step two.  At step two, the claimant must establish that he has one

04  or more medically severe impairments, or combination of impairments, that limit his physical or

05  mental ability to do basic work activities.  If the claimant does not have such impairments, he is

06  not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe

07  impairment, the Commissioner moves to step three to determine whether the impairment meets

08  or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d),

09  416.920(d).  A claimant who meets or equals one of the listings for the required twelve-month

10  duration requirement is disabled.  *Id.*

11      When the claimant's impairment neither meets nor equals one of the impairments listed

12  in the regulations, the Commissioner must proceed to step four and evaluate the claimant's

13  residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the

14  Commissioner evaluates the physical and mental demands of the claimant's past relevant work

15  to determine whether the claimant can still perform that work.  20 C.F.R. §§ 404.1520(f),

16  416.920(f).  If the claimant is not able to perform his past relevant work, the burden shifts to

17  the Commissioner at step five to show that the claimant can perform some other work that

18  exists in significant numbers in the national economy, taking into consideration the claimant's

19  RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*,

20  180 F.3d at 1100.  If the Commissioner finds the claimant is unable to perform other work,

21  then the claimant is found disabled, and benefits may be awarded.

22                          VI.  DECISION BELOW

23      On August 21, 2004, the ALJ issued a decision finding:

24      1.      The claimant meets the nondisability requirements for a period of
                disability and Disability Insurance Benefits set forth in Section 216(i)
25              of the Social Security Act, but is insured for benefits only through

26

REPORT AND RECOMMENDATION
PAGE -6

December 31, 1998.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's obesity and sleep apnea are considered "severe" based on the requirements in the Regulations 20 CFR § 404.152(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. I find that the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. On and before the date that his insured status expired, the claimant retained the residual functional capacity to lift or carry 20 pounds occasionally and 10 pounds frequently. He could stand or walk for six hours in an eight hour workday. The claimant could sit for six hours in an eight hour workday.

7. The claimant's past relevant work as writer and public information officer do not require the performance of work-related activities precluded by his residual functional capacity (on and before the date that his insured status expired) as they are generally performed in the national economy (20 CFR § 404.1565).

8. The claimant's medically determinable obesity and sleep apnea did not prevent him from performing his past relevant work on or before the date that his insured status expired.

9. The claimant was not under a "disability" as defined in the Social Security Act, on or before the date that his insured status expired on December 31, 1998 (20 CFR § 404.1520(f)).

AR at 35-36.

## VII.  ISSUE ON APPEAL

The issue on appeal is whether this case should be remanded with instructions to award benefits, as urged by plaintiff, or remanded for further administrative proceedings, as urged by the Commissioner.  Plaintiff alleges numerous errors in the ALJ's decision and requests that the Court award him both DIB and SSI benefits.  These errors are best summarized as:  1) the ALJ committed reversible error by failing to accord proper deference to the uncontradicted opinions of plaintiff's treating physicians without explaining a specific and legitimate reason for doing so; 2) the ALJ failed to develop the administrative record; and 3) the ALJ erred in finding that

01  plaintiff's subjective reporting of his symptoms and disabilities was not credible.  Dkt. No. 16

02  at 9, 12, 14. The Commissioner concedes that there were irregularities in the processing of

03  plaintiff's SSI application and agrees that further proceedings are necessary.  Dkt. No. 22 at 6.

04  However, the Commissioner also urges the Court to uphold the ALJ's decision on the DIB

05  claim.  *Id*. at 8.  The Commissioner does not provide any substantive defense of the ALJ's

06  decision in response to the deficiencies raised by plaintiff.  Because the Court does not have

07  subject matter jurisdiction over plaintiff's SSI claim, the only issue presented is whether

08  plaintiff's DIB application should be remanded for an award of benefits or for further

09  administrative proceedings.

10                                   VIII.  DISCUSSION

11          If the Court determines that the ALJ erred, it has discretion to remand for further

12  proceedings or to award benefits.  *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).

13  The Court may direct an award of benefits where "the record has been fully developed and

14  further administrative proceedings would serve no useful purpose."  *McCartey v. Massanari*,

15  298 F.3d 1072, 1076 (9th Cir. 2002).  The Court may credit the evidence before it as true and

16  remand for an award of benefits when:

17              (1) the ALJ has failed to provide legally sufficient reasons for rejecting the
             claimant's evidence; (2) there are no outstanding issues that must be resolved
18           before a determination of disability can be made; and (3) it is clear from the
             record that the ALJ would be required to find the claimant disabled if [s]he
19           considered the claimant's evidence.

20  *Id*. at 1076-77.

21          Because of the unusual procedural posture of this case and the minimal briefing that

22  was submitted to the Court on the substantive issues regarding the ALJ's decision, this case

23  does not fit neatly within the analytic framework of *McCartey*.  Nevertheless, for the reasons

24  explained below, the Court finds plaintiff's DIB claim should be remanded for further

25  administrative proceedings.  Concurrent evaluation of both applications will ensure a thorough,

26

REPORT AND RECOMMENDATION
PAGE -8

fair, and efficient determination is made on plaintiff's claims.

A.    It is Not Clear from the Record that the ALJ Improperly Rejected Plaintiff's
      Evidence Regarding his DIB Claim.

Plaintiff alleges that the ALJ committed multiple errors in evaluating or failing to evaluate his evidence.  First, plaintiff argues that the ALJ did not accord the proper degree of deference to the opinions of his treating physicians, Dr. Mary Simonson and Dr. Michael Welsh.  Dkt. No. 16 at 12-13.  Second, plaintiff argues that the ALJ failed to properly analyze the credibility of his symptom-related testimony.  Third, plaintiff claims that the ALJ did not fulfill her duty to develop the record.  The Commissioner argues that the ALJ's decision was based on substantial evidence in the record.

Regarding plaintiff's first two arguments, there is ample evidence in the record that the ALJ applied the proper standards in her evaluation of plaintiff's evidence.  She outlined her analysis and provided explanations as to why she relied on certain evidence and why she rejected other evidence as either unreliable or irrelevant.  This is not to say that the Court would have upheld the ALJ's decision if that opportunity had been presented.  Rather, the Court merely concludes that the record in this case does not indicate that there was the kind of inexplicable rejection of significant evidence that would mandate a direct award of benefits at this time.

The record does, however, demonstrate plaintiff's well-founded concern that the record was not adequately developed.  The ALJ rejected one of Dr. Welsh's conclusions about plaintiff's disability status in part because the assessment was not accompanied by an explanation of how the determination was reached.  AR 29.  To the extent that the ALJ rejected Dr. Welsh's opinion because the basis of it was unknown, the ALJ should have solicited clarification from the doctor.  It is incumbent upon an ALJ to obtain additional information from a doctor if the ALJ determines that she needs to know more about the

REPORT AND RECOMMENDATION
PAGE -9

doctor's assessment in order to properly evaluate it. *Smolen*, 80 F.3d at 1288 (holding that, where ALJ thought he needed to know the basis of doctor's opinions in order to evaluate them, ALJ had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them).

> B.   There are Outstanding Issues that Must be Resolved Before a Disability Determination of Disability Can be Made.

The second step for determining whether a case should be remanded for an immediate award of benefits or for further administrative proceedings is to assess whether there are any outstanding issues that must be resolved before a determination of disability can be made. *McCartey*, 298 F.3d at 1076.  Given the posture of this case, the Court cannot conclude that there are no outstanding issues.  Plaintiff has alleged deficiencies in the ALJ's decision and has complained that the ALJ did not fully develop the record.  Dkt. No. 16 at 8, 13.  Plaintiff also asserts that certain relevant medical records were improperly left out of the record.  *Id.* at 9-10. It is apparent, therefore, that in spite of his desired outcome in this proceeding, plaintiff concedes that there are outstanding issues to be resolved in this case and that further development of the record is warranted

Additionally, it is clear from the record and the parties' pleadings that there was considerable confusion involved in processing plaintiff's SSI claim.  *See, e.g.*, AR 499-500; Dkt. Nos. 22 at 6-9, 16 at 16.  This confusion may have affected the ALJ's decision on plaintiff's DIB application.  Because the Commissioner is currently processing plaintiff's SSI application, it is both logical and efficient to remand the DIB matter for further proceedings as well.

> C.   It is Not Clear From the Record that the ALJ Would be Required to Find Plaintiff Disabled if She Considered All of Plaintiff's Evidence.

The final step for determining whether a case should be remanded for an immediate award of benefits or for further administrative proceedings requires the Court to assess

REPORT AND RECOMMENDATION
PAGE -10

01     whether the ALJ would be obligated to find the claimant disabled if she considered the

02     erroneously-rejected evidence. *McCartey*, 298 F.3d at 1076-77.  This prong is closely related

03     to the second prong:  if there are outstanding issues, it is unlikely that a clear finding of

04     disability would be required.

05         Plaintiff argues that the Court should find him disabled and award benefits based on the

06     evidence in the record.  However, as discussed above, the record in this case was not fully

07     developed at the administrative level.  Therefore, the Court cannot determine whether a finding

08     of disability will ultimately be required on remand.  Plaintiff should be allowed to have his

09     claims fairly adjudicated after having had the opportunity to present evidence that may have

10     been previously unconsidered.  Again, the ambiguity of the record at this time requires

11     remanding this matter for further administrative proceedings.

12                   IX.  CONCLUSION

13         For the reasons set forth above, the ALJ's decision on plaintiff's DIB application

14     should be reversed, and both the DIB and the SSI claims should be remanded for further

15     administrative proceedings not inconsistent with this report and recommendation.  Plaintiff has

16     indicated that he wishes to conduct further discovery.  Dkt. No. 26.  This matter shall be

17     addressed by the ALJ on remand, as well as those arguments set forth by plaintiff in Section

18     VI of this report and recommendation.  A proposed order accompanies this report and

19     recommendation.

20         DATED this 11th day of August, 2006.

21

22

23                                     JAMES P. DONOHUE
                                    United States Magistrate Judge

24

25

26

REPORT AND RECOMMENDATION
PAGE -11